**YONG ZHUANG PAN, Petitioner,**

v.

**U.S. CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2862–ag.

United States Court of Appeals, Second Circuit.

April 17, 2008.

Jan Potemkin, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Aviva L. Poczter, Senior Litigation Counsel, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Zhuang Pan, a native and citizen of the People's Republic of China, seeks review of the June 4, 2007 order of the BIA affirming the April 11, 2005 decision of Immigration Judge ("IJ") Noel A. Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Zhuang Pan,* No. A77 998 445 (B.I.A. June 4, 2007), *aff'g* No. A77 998 445 (Immig. Ct. N.Y. City Apr. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, that is, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Pan failed to sufficiently challenge the agency's denial of his CAT claim before this Court, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Furthermore, because Pan fails to sufficiently argue before this Court that the agency erred in determining that he was not credible, we deem any such argument waived. *See id.*[1] Insofar as the basis of Pan's alleged fear of future persecution was not "independent of the testimony that the IJ found not to be credible," the adverse credibility determination was dispositive of his entire asylum claim. *Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). Similarly, because the only evidence of a threat to Pan's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *Id.* at 155–56.

Lastly, we find no error in the BIA's dismissal of Pan's argument that the IJ's conduct violated his right to due process of law where the record reflects that he had ample opportunity to present his claims. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing

---

1. In any event, we find that the adverse credibility determination was supported by substantial evidence.

which provides a meaningful opportunity to be heard.")).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.